IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| SHAUN MICHAEL LINKO, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) Civil Action Nos.   2:16-04551 |
| | ) Criminal Action No. 6:13-00037 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant's letter-form Section 2255 Motion (Document No. 63), filed on May 20, 2016. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 64.)

**FACTUAL BACKGROUND**

A       **Criminal Action No. 6:13-00037:**

On April 23, 2013, Movant pled guilty to a single count Indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Criminal Action No. 6:13-00036, Document Nos. 36 and 37). A Presentence Investigation Report was prepared. (Id., Document No. 45.) The District Court determined that Movant had a Base Offense Level of 22, and a Total Offense Level of 23, the Court having applied the following: A four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) for possession of a firearm in connection with another felony offense; and A three-level reduction pursuant to U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility. (Id., Document Nos. 44 and 45.) On

November 14, 2013, the District Court sentenced Movant to a term of 78 months of imprisonment to be followed by a three-year term of supervised release. (Id., Document Nos. 41 and 43.) The District Court further imposed a special assessment of $100. (Id.) Movant did not file an appeal with the Fourth Circuit Court of Appeals.

B.  Civil Action No. 2:16-cv-01478:

On May 7, 2015, Movant, acting *pro se*, filed a letter-form Motion to Modify Judgment. (Id., Document No. 51.) First, Movant argued that he was improperly convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Id.) Specifically, Movant claimed that "the statute only allows for as many firearm counts as there are firearms." (Id.) Thus, Movant appeared to argue that he was improperly convicted of violating both 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). (Id.) Next, Movant contended that his sentence was improperly enhanced pursuant to U.S.S.G. § 2K2.1(b)(6)(B). (Id.)

By Order entered on February 11, 2016, the undersigned notified Movant of its intention to re-characterize his letter-form Motion to Modify Judgment (Document No. 51) as a Section 2255 Motion pursuant to United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002). (Id., Document No. 56.) The Court further ordered as follows:

> [I]t is hereby **ORDERED** that Movant should inform the Court in writing by **March 10, 2016**, if he does not wish to have his Motion re-characterized as a motion under Section 2255. Should Movant not file a response to this Order and Notice, the Court will consider the Motion as a Motion filed under Section 2255 . . . Should Movant not agree with the Court that his Motion should be re-characterized as a Section 2255 Motion, the Court will rule upon the Motion as filed under 18 U.S.C. § 3582.

(Id., p. 4.) On February 18, 2016, Movant filed his letter-form Motion to Withdraw. (Id., Document No. 57.) Specifically, Movant stated that he "would like to withdraw any motions, or other open files I have in federal court. I was misinformed by prisoners and was ill-advised." (Id.)

By Proposed Findings and Recommendation entered on February 23, 2016, the undersigned recommended that the District Court grant Movant's Motion to Withdraw and dismiss Movant's Section 2255 Motion. (Id., Document No. 59.) By Memorandum Opinion and Order entered on April 22, 2016, United States District Judge Thomas E. Johnston adopted the undersigned's recommendation, granted Movant's Motion to Withdraw, and dismissed without prejudice Movant's Section 2255 Motion. (Id., Document Nos. 60 and 61.)

**C.     Instant Action:**

By Order and Notice entered on May 20, 2016, the District Court notified Movant of its intention to re-characterize a letter-form Motion to Modify Judgment pursuant to the "Sentencing Reform & Corrections Act of 2015" dated October 2, 2015,[1] as a Section 2255 Motion pursuant to Castro v. United States, 540 U.S. 375, 382-83 (2003). (Id., Document No. 62.) The District Court further ordered as follows:

> Defendant should inform the Court in writing by June 20, 2016, as to whether he agrees to have his October Letter recharacterized as a § 2255 motion, or whether he contests such a recharacterization. If Defendant agrees that the October Letter should be considered under §2255, he may further amend that request for relief to the extent permitted by law. *See United States v. Pittman*, 209 F.3d 314 (4th Cir. 2000) (holding that amendments to a § 2255 motion made after expiration of the one-year statute of limitations do not relate back to the original motion and are therefore untimely). If Defendant does not file a response to this Order and Notice, the Court will consider the October Letter as a motion filed under §2255. If Defendant does not agree to recharacterization, the accompanying civil action will be dismissed without prejudice.

(Id.) The Clerk filed Movant's letter-form Motion as his Section 2255 Motion. (Id., Document No. 63.) In his Motion, Movant challenges the validity of his sentence. (Id.) Citing the

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

"Sentencing Reform & Corrections Act of 2015," Movant contends that his sentence was improperly enhanced. (Id.) Movant states that "the bill clarifies that the enhanced mandatory minimum sentence for using a firearm during a crime of violence or a drug crime is limited to offenders who have previously been convicted and served a sentence for such an offense." (Id.) Movant further explains that "[t]he bill also reduces that enhanced mandatory minimum from 25 years to 15 years." (Id.) Movant claims that "[t]his provision may be applied retroactively, but only after a court considers sentencing factors, including any danger and prison misconduct." (Id.) Movant, therefore, requests that his sentence be reduced. (Id.)

## ANALYSIS

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States,

4

37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

In the instant case, Movant argues that he is entitled to relief based upon the Sentencing Reform and Corrections Act of 2015 ("SRCA"). Sentencing Reform and Corrections Act of 2015, S. 2123, 114th Cong. The SRCA was a bipartisan criminal justice reform bill introduced to the United States Senate on October 1, 2015. As noted by Movant, the SRCA proposed a reduction in mandatory minimum sentences for drug offenders and career criminals. Movant

specifically relies upon Section 104, which proposed the reduction of the enhanced mandatory minimum prison term from 25 to 15 years for a defendant who used a firearm in a crime of violence or drug offense after a prior conviction for such an offense. Section 104 further proposed that a court have authority to apply the reduction retroactively, after considering certain factors. Importantly, however, the SRCA was not enacted by Congress. Thus, Movant clearly cannot challenge the validity of his sentence based upon the SRCA. Furthermore, the undersigned notes that Movant was not sentenced to a mandatory minimum sentence. (Criminal Action No. 6:13-cr-00037, Document No. 44, p. 1.) The undersigned, therefore, respectfully recommends that Movant's Section 2255 Motion (Document No. 63) be denied.[2]

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Movant Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document No. 63) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties

---

[2] Movant's Judgment Order was entered on November 19, 2013, and his sentence became final 14 days later when he did not file a Notice of Appeal (December 3, 2013). On May 20, 2016, approximately one year and five months after the one-year period expired, Movant filed the instant Motion raising issues challenging his sentence. Thus, Movant's Motion is clearly

shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant and counsel of record.

Date: March 15, 2019.

_____
Omar J. Aboulhosn
United States Magistrate Judge

---

untimely Section 2255(f)(1).